The following is the opinion rendered at special term:
Barrett, J.
I do not agree with the counsel for Huber’s estate that an action against a special partner seeking to make him liable as a general partner for failure to pay in, in cash, the amount certified to have been contributed, is an action to recover a penalty. The action is against him upon contract, treating him from the beginning as a general partner, and liable as such. That is the normal condition of things, and it is for the special partner to limit his ordinary partnership liability by a strict compliance with the statute. Failure to so strictly comply does not give a right of action as for a penalty. It simply prevents the partner from setting up the statute against the ordinary partnership liability which he has assumed. In this view of the matter, the action is plainly upon contract, and it survived. The other objection, namely, that insolvency of the surviving partners must be averred before the representatives of the deceased partner can be brought in, is met by § 758 of the Code. Certainly, “the proper disposition of the matter,” to quote the language of this section, requires that the representatives of the deceased special partner, who was sought to be charged, should be brought in. Thus the real question involved in the action can be directly determined. This becomes entirely apparent when we consider that the persons who were .avowedly general partners have not defended; and, so far as the other special partner also sought to be charged is concerned, it is entirely appropriate that his liability should be determined at the ■same time as that of Huber. I think that the learned counsel for the Huber estate is also in error in supposing that § 758 is confined to cases where the contract liability is in terms several as well as joint The language is, “the estate of a person or party jointly liable upon contract with others, shall not be discharged by his death,” etc. The matter of several liability is only referred to in connection with a severance of the action. But the liability here, if there is any, would seem to be joint and several. The question is, therefore, reasonably free from doubt, and the-motion should be granted.
Per Curiam.
The rule is well established that where one of two or more joint debtors die, his personal representatives should not be joined in an action with the survivors, except upon the .allegation of the insolvency of the survivors.
*193 We see no reason why this rule does not apply to the case of the death of a joint debtor pending the action. Section 758 of the Code has in no manner altered the rule stated, which has been established by a long line of decisions.
The order should be reversed, with ten dollars costs and disbursements.
Van Brunt, P. J., Brady and Daniels, JJ., concur.